IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARL TISTHAMMER, No. 46827-112,**

        **Petitioner,**

    **vs.**                                                   **Case No. 12-cv-1187-DRH**

**J. S. WALTON,**

        **Respondent.**

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

      Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his federal sentence. The petition was filed on November 19, 2012, and claims that the Bureau of Prisons ("BOP") has improperly attempted to collect court-ordered restitution from him through the Inmate Financial Responsibility Program ("IFRP") (Doc. 1, p. 2). Petitioner was convicted in March 2010 after a jury trial in the Central District of California, and sentenced to 420 months imprisonment for production, receipt, and possession of child pornography. *United States v. Tisthammer*, Case No. 08-cr-0057 (C.D. Cal.). Petitioner's sentence included a special assessment of $800, and restitution of $105,000 for the benefit of the child victim, who is a family member of petitioner. His conviction was affirmed by the United States Court of Appeals, Ninth Circuit, on June 20, 2012. Petitioner does not seek to challenge his sentence or conviction in the instant action.

      Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner contends that the BOP "decided, Sua Sponte, to attempt collection" of the court-ordered restitution from him, through the IFRP (Doc. 1, p. 2). The Judgment in his case (Doc. 386 in *United States v. Tisthammer*, Case No. 08-cr-0057 (C.D. Cal.)) did not order any particular schedule for payment of the restitution during petitioner's incarceration, nor did it order him to participate in the IFRP. Citing to district and appellate court opinions from the Second and Ninth Circuits, petitioner argues that the BOP does not have the authority to require an inmate to adhere to a payment schedule through the IFRP, and a sentencing court is not permitted to delegate to the BOP its authority to set payment schedules (Doc. 1, pp. 3-4). He requests this Court to enter a stay, to stop the BOP from garnishing any funds from his inmate account and to remove all restrictions and sanctions against him. He does not explain the nature of these restrictions or sanctions.

Petitioner has moved for leave to proceed *in forma pauperis* in this case (Doc. 3), and the Court has received a partial statement of his inmate trust fund account (Doc. 4). This document reflects that petitioner's "FRP Participation Status" is "Refused" (Doc. 4, p. 2). While petitioner is correct that he cannot be required to make payments through the IFRP, there is no indication from the record before the Court that petitioner has been ordered or compelled to do so.

The Seventh Circuit has held that inmates' participation in the IFRP is voluntary. Further, the consequences that may result from a prisoner's decision not to participate in the program do not change the voluntary nature of the IFRP. *United States v. Boyd*, 608 F.3d 331,

334 (7th Cir. 2010) ("[T]he Bureau of Prisons lacks the power to compel participation in the IFRP . . . . [it] may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating." (citing 28 C.F.R. § 545.11(d))); *see also United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011) (district court order requiring inmate to pay his fine through the IFRP was plain error).  The privileges which may be available to those who participate in the IFRP include access to job training programs, higher-status housing, community-based programs, and higher commissary spending limits.  *Id.*  Although Petitioner may view the loss or unavailability of such privileges as a "restriction" or "sanction" for his refusal to participate in the IFRP, the Seventh Circuit does not share his analysis.  Petitioner is free to refuse or withdraw from the payment program, but must face the consequences of his decision.

Moreover, this Court does not have authority to interfere with the BOP's discretion in its administration of the IFRP program.  *See In Re: Buddhi,* 658 F.3d 740, 741-42 (7th Cir. 2011) (district court exceeded its authority by ordering deduction from prisoner trust account in excess of IFRP payment plan installment); *see also McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1999) (BOP has discretion to increase participating prisoner's IFRP payment and to penalize him for refusing to accept the increase).

**Filing Fee – Pending Motion**

Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP") in this action on December 3, 2012 (Doc. 3), seeking waiver of the $5.00 filing fee for this action.  However, he did not tender a certified copy of his complete inmate trust fund account statement.  The Clerk has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the prison trust fund officer, but to date has not received a complete statement.

The Court shall rule on the motion for IFP after the full trust fund statement has been submitted. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus if the filing fee is not waived, it shall remain due and payable regardless of the dismissal of this case.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Should Plaintiff fail to comply with his fee payment obligation, he may be barred from filing future actions in this Court.

**Disposition**

To summarize, petitioner has not stated any grounds for relief under § 2241.  He may participate or refuse participation in the IFRP, and must accept the consequences that follow his choice.  Accordingly, the petition is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   December 7, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.12.07
16:12:54 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**